UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEVON DENBINA | § § § | |
| VS. | § § | CIVIL ACTION NO. |
| WAL-MART STORES TEXAS, LLC and WALMART, INC. | § § § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC, incorrectly named by Plaintiff as WALMART, INC.. ("Defendant"), files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 164th Judicial District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

## I.
## RELEVANT FACTS

1. Plaintiff Devon Denbina claims he was the victim of an assault committed by an unknown third party while he was at a Wal-Mart store located in Houston, Texas, on or about February 14, 2019. *See* Pl.'s Orig. Pet. (Ex. A) at § IV. Plaintiff asserts a negligence claim against Wal-Mart arising from the third-party's criminal act against him. *See id.* at § V. Additionally, Plaintiff asserts a claim for breach of a common law duty of good faith and fair dealing due to Wal-Mart failure to settle Plaintiff's lawsuit prior to him filing suit. *See id.* at § IX. Plaintiff's lawsuit expressly alleges that he is seeking damages in excess of $100,000.00. *See id.* at § X.

2. Plaintiff served Wal-Mart with his Original Petition on November 1, 2019.

## II.
## THE PARTIES

3.     Plaintiff Devon Denbina pleaded that he resides in Harris County, Texas. *See* Ex. A at § III. As such, Plaintiff is a citizen of the State of Texas.

4.     Defendant Wal-Mart Stores Texas, LLC is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Walmart Inc. The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, L.L.C. is the general partner and WSE Investment, L.L.C. is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, L.L.C. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Walmart Inc. The principal place of business of Wal-Mart Stores Texas, L.L.C. is Bentonville, Arkansas. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. Consequently, Defendant is a citizen of the States of Arkansas and Delaware.

## III.
## BASIS FOR REMOVAL

5.     Defendant removes this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**A.  There is complete diversity of citizenship.**

6.     There is complete diversity of citizenship, *see* 28 U.S.C. §§ 1332, 1441, between the Texas Plaintiff and the out-of-state Defendant, Wal-Mart Stores Texas, LLC, which is a citizen of Delaware and Arkansas.

**B. The amount in controversy requirement is met.**

7. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that he seeks monetary relief from his lawsuit in excess of $100,000.00. *See* Ex. A at § X. Plaintiff also pleaded for a discovery control level that only applies to cases in which the amount in controversy exceeds $100,000.00. *See* Ex. A at § I; *compare* Tex. R. Civ. P. 190.3, *with* Tex. R. Civ. P. 190.2 *and* Tex. R. Civ. P. 169.

**C. This removal is timely and venue is proper.**

8. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Defendant, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

**D. Procedural requirements for removal are satisfied**

9. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 164th Judicial District Court, Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## IV.
## CONCLUSION AND PRAYER

10. Based on the foregoing, Defendant has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

 */s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Neal A. Hoffman
State Bar No. 24069936
Federal ID No. 1048603
Marmar Kahkeshani
State Bar No. 24081896
Federal ID No. 2906620
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile:  (713) 622-8077
jramirez.atty@bushramirez.com
nhoffman.atty@bushramirez.com
mkahkeshani.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 25th day of November 2019.

>William D. Powells, III
>7322 S.W. Freeway, #2010
>Houston, Texas 77074

 */s/ John A. Ramirez*
John A. Ramirez